[Cite as *Hall v. S. Ohio Correctional Facility*, 2010-Ohio-4302.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERNEST HALL

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant
    Case No. 2009-03274

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On June 21, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that "[n]urse Goodman gave me [too] much medication to make me fall down" and that Goodman assaulted him by telling him that if he filed a case against her she "will get Officer Chin to come in my cell and hit me in my face and back." On March 11, 2010, the court dismissed plaintiff's medical claim. Defendant now moves for summary judgment on plaintiff's claim that Goodman threatened him with physical harm.

{¶ 5} In support of its motion, defendant filed affidavits of Goodman and Chin. Goodman states:

{¶ 6} "1. I am currently employed by the Ohio Department of Rehabilitation and Correction (DRC) as the Psychiatric Nurse Supervisor at [defendant].

{¶ 7} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 8} "3. As part of my job duties, I interact with inmates under custody and control of DRC. I am familiar with [plaintiff].

{¶ 9} "4. I did not, on or about March 20, 2009, tell [plaintiff] that if he filed a law suit against me I would have Officer Chin come to his cell and hit him in the face and back with a PR-24 baton.

{¶ 10} "5. Furthermore, I never threatened [plaintiff] in any manner at any point throughout his incarceration at [defendant], nor did I ever physically assault him."

{¶ 11} Chin states in his affidavit:

{¶ 12} "1. I am currently employed by [DRC] as a Corrections Officer at [defendant].

{¶ 13} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 14} "3.   As part of my job duties, I interact with inmates under the custody and control of DRC.  I am familiar with [plaintiff].

{¶ 15} "4.   On or about March 20, 2009, I did not receive a request from Nurse Goodman to go to [plaintiff's] cell and hit him in the face and back with a PR-24 baton.

{¶ 16} "5.   I have never received any request from Nurse Goodman to harm [plaintiff] in any manner at any point through [plaintiff's] incarceration at [defendant], nor have I ever actually physically assaulted [plaintiff]."

{¶ 17} Upon review, the court finds that the only reasonable conclusion to be drawn from the unrebutted affidavit testimony provided by defendant is that plaintiff was not harmed or threatened with harm by Goodman or Chin.

{¶ 18} Civ.R. 56(E) provides in pertinent part:

{¶ 19} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 20} The court finds that there is no genuine issue of material fact and that defendant  is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Ernest Hall, #224-414
Warren Correctional Institution
P.O. Box 120
Lebanon, Ohio 45036

MR/cmd
Filed August 11, 2010
To S.C. reporter September 9, 2010